UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CAROLE B. REISS,

                                        Plaintiff,            **ANSWER TO SECOND
                                                              AMENDED COMPLAINT**

                    -against-                                 17-CV-159 (WHP)

MELITINA HERNANDEZ, JENNIFER JOHNSON and
NEW YORK CITY DEPARTMENT OF EDUCATION,

                                        Defendants.
------------------------------------------------------------------------x

> Defendants, the Board of Education of the City School District of the City of New York ("BOE") (also known as and sued herein as the "New York City Department of Education"), Melitina Hernandez ("Hernandez") and Jennifer Johnson ("Johnson"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Second Amended Complaint ("Complaint"), respectfully allege as follows:

> 1.     Deny the allegations set forth on the first page of the Complaint except admit that plaintiff purports to proceed as set forth therein.

> 2.     Deny the allegations set forth in the first paragraph labeled "Defendant 3" on the second page of the Complaint except admit that plaintiff purports to proceed as set forth therein.

> 3.     Deny the allegations set forth in paragraph "II" of the Complaint except admit that Plaintiff was employed by the BOE as a teacher at P.S. 123 Mahalia Jackson ("P.S. 123").[1]

---

[1] Paragraph "I" of the Second Amended Complaint appears to be missing from plaintiff's ECF filing.  See ECF Dkt. No. 47 at pp. 1-2.

4.      Paragraph "IIIA" of the Complaint does not allege any facts. Accordingly, no response is required. [2]

5.      Deny the allegations set forth in paragraph "IV(A)" of the Complaint.

6.      Deny the allegations set forth in paragraph "IV(B) of the Complaint, except admit that Plaintiff received an overall annual ratings of "Ineffective" for the 2014-2015 and 2015-2016 school years. [3]

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(1)" of the Complaint.

8.      Deny the allegations set forth in paragraph "IV(B)(2)" of the Complaint, except admit that Plaintiff was employed by the BOE as a physical education teacher at P.S. 123 and that P.S. 123 is located at 301 West 140th Street, New York, New York 10030.

9.      Deny the allegations set forth in paragraph "IV(B)(3)" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's age and admit that Plaintiff was employed by the BOE as a teacher at P.S. 123 from September 8, 2009 to September 7, 2010 and September 3, 2013 to July 28, 2016.

10.     Deny the allegations set forth in paragraph "IV(B)(4)" of the Complaint, except admit that Hernandez is a woman of Hispanic and Italian anscesstry and is 45 years old.

11.     Deny the allegations set forth in paragraph "IV(B)(5)" of the Complaint except admit that Johnson is a Caucasian woman and is 34 years old.

---

[2] Part of Paragraph "III" of the Complaint appears to be missing from the ECF filing.  See ECF Dkt. No. 47 at pp. 2-3.

[3] Paragraph IV(B) of the Complaint is labeled as the "Facts" section of the Complaint.  See ECF Dkt. No. 47 at p. 3.  Under the "Facts" Section of the Complaint, Plaintiff writes a narrative and attaches a document with additional facts.  Id. at pp. 5-9.  The attached facts can be found beginning on page 5 of ECF Dkt. No. 47.  See Id.  Defendants refer to these attached facts as being numbered paragraph "IV(B)(1)," "IV(B)(2)," "IV(B)(3)," etc.

12.     Deny the allegations set forth in paragraph "IV(B)(6)" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's relationships with prior Principals, and admit that Plaintiff received an overall annual performance rating of "Satisfactory" during the 2007-2008, 2008-2009, 2009-2010, 2010-2011, 2011-2012 and 2012-2013 school years and that Plaintiff received an overall annual performance rating of "Effective" for the 2013-2014 school year.

13.     Deny the allegations set forth in paragraph "IV(B)(7)" of the Complaint, except admit that Hernandez has been employed by the BOE as Principal of P.S. 123 since April 2013.

14.     Deny the allegations set forth in paragraph "IV(B)(8)" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in "IV(B)(9)" of the Complaint, except admit that Carmen Fariña served as Chancellor of the BOE from 2014 to 2018.

16.     Deny the allegations set forth in paragraph "IV(B)(10)" and subparts "IV(B)(10)(a)-(t)" of the Complaint.

17.     Deny the allegations set forth in paragraph "IV(B)(11)" of the Complaint, except admit that Plaintiff received an overall annual performance rating of "Effective" for the 2013-2014 school year.

18.     Deny the allegations set forth in paragraph "IV(B)(12)" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's participation in the "New Leaders Program."

19.     Deny the allegations set forth in paragraph "IV(B)(13)" of the Complaint.

20.     Deny the allegations set forth in paragraph "IV(B)(14)" of the Complaint.

21.     Deny the allegations set forth in paragraph "IV(B)(15)" and subparts "IV(B)(15)(a), (c), (d), (f)" of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in subparts "IV(B)(15)(b), (e)" of the Complaint.

22.     Deny the allegations set forth in paragraph "IV(B)(16)" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's participation in the "New Leaders Program" but admit that Robenniah Spain-Brandon was terminated on July 17, 2017, following a New York State Education Law § 3020-a proceeding.

23.     Deny the allegations set forth in paragraph "IV(B)(17)" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's attempts to open a charter school.

24.     Deny the allegations set forth in paragraph "IV(B)(18)" of the Complaint.

25.     Deny the allegations set forth in paragraph "IV(B)(19)" of the Complaint.

26.     Deny the allegations set forth in paragraph "IV(B)(20)" of the Complaint.

27.     Deny the allegations set forth in paragraph "IV(B)(21)" of the Complaint.

28.     Deny the allegations set forth in paragraph "IV(B)(22)" of the Complaint, except admit that Plaintiff met with Superintendent Marion Wilson and Zina Burton-Myrick on February 5, 2016.

29.     Deny the allegations set forth in paragraph "IV(B)(23)" of the Complaint.

30.     Deny the allegations set forth in paragraph "IV(B)(24)" of the Complaint.

31.     Deny the allegations set forth in paragraph "IV(B)(25)" of the Complaint.

32.     Deny the allegations set forth in paragraph "IV(B)(26)" of the Complaint, except admit that Plaintiff was placed on a Teacher Improvement Plan ("TIP") during the 2015-2016 school year.

33.     Deny the allegations set forth in paragraph "IV(B)(27)" of the Complaint.

34.     Deny the allegations set forth in paragraph "IV(B)(28)" of the Complaint.

35.     Deny the allegations set forth in paragraph "IV(B)(29)" of the Complaint, except admit that Plaintiff received a letter to file dated May 15, 2015.

36.     Deny the allegations set forth in paragraph "IV(B)(30)" of the Complaint.

37.     Deny the allegations set forth in paragraph "IV(B)(31)" of the Complaint.

38.     Deny the allegations set forth in paragraph "IV(B)(32)" of the Complaint.

39.     Deny the allegations set forth in paragraph "IV(B)(33)" of the Complaint.

40.     Deny the allegations set forth in paragraph "IV(B)(34)" of the Complaint.

41.     Deny the allegations set forth in paragraph "IV(B)(35)" of the Complaint.

42.     Deny the allegations set forth in paragraph "IV(B)(36)" of the Complaint, except admit that Plaintiff received a letter to file dated May 23, 2016.

43.     Deny the allegations set forth in paragraph "IV(B)(37)" of the Complaint, except admit that Plaintiff received an overall rating in the "Ineffective" range for the 2015-2016 school year.

44.     Deny the allegations set forth in paragraph "IV(B)(38)" of the Complaint.

45.     Deny the allegations set forth in paragraph "IV(B)(39)" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's beliefs.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(40)" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(41)" of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(42)" of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(43)" of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(44)" of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(45)" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(46)" of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(47)" of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(48)" of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(49)" of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(50)" of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(51)" of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(52)" of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(53)" of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(54)" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(55)" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(56)" of the Complaint.

63.     Deny the allegations set forth in paragraph "IV(B)(57)" of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(58)" of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(59)" of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(60)" of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(61)" of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV(B)(62)" of the Complaint.

69.    Deny the allegations set forth in paragraph "IV(B)(63)" of the Complaint.

70.    Deny the allegations set forth in paragraph "IV(B)(64)" of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the New York State Education Department's actions.

71.    Deny the allegations set forth in paragraph "IV(B)(65)" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's student loans and Plaintiff's husband.

72.    Deny the allegations set forth in paragraph "IV(B)(66)" of the Complaint.

73.    Deny the allegations set forth in paragraph "IV(B)(67)" of the Complaint.

74.    Paragraph "IV(B)(68)" of the Complaint assert a claim for relief for which no response is required.  To the extent a response is required deny the allegations set forth in paragraph "IV(B)(68)" of the Complaint.

75.    Paragraph "VII" on page 4 of the Complaint (Dkt. No. 47 at 4) does not require a response.[4]

**AS   AND   FOR   A   FIRST   DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE**

76.    The Complaint fails to state a plausible cause of action in whole or in part.

**AS   AND   FOR   A   SECOND   DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE**

77.    Defendants had legitimate, nondiscriminatory business reasons for taking any of the alleged acts complained of by Plaintiff.

---

[4] It should be noted that paragraphs 5-6 of the Complaint appear to be missing from the ECF filing.  See ECF Dkt. No 47 at p. 9.

**AS AND FOR A THIRD DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE**

78.     Upon information and belief, the damages set forth in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

**AS AND FOR A FOURTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE**

79.     Any claims in the Complaint which accrued more than 300 days prior to plaintiff's filing of her charge of discrimination with the EEOC are time-barred.

**AS AND FOR A FIFTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES**

80.     Plaintiff failed to exhaust her administrative remedies with respect to any claims contained in the Complaint which were not also contained in the plaintiff's charge of discrimination filed with the EEOC.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety and the relief sought therein be denied in all respects, with such other and further relief as the Court deems appropriate.

Dated:       New York, New York
              May 23, 2018

                                **ZACHARY W. CARTER**
                                Corporation Counsel of the
                                 City of New York
                                Attorney for Defendants
                                100 Church Street, Room 2-315
                                New York, New York 10007
                                (212) 356-2471
                                lgrushka@law.nyc.gov

                      By:     */s/ Leora R. Grushka*
                                Leora R. Grushka
                                Assistant Corporation Counsel

TO:      Carole B. Reiss (via First Class Mail)
           Plaintiff *Pro Se*
           11 Lions Court
           Freehold, New Jersey 07728

Case No. 17-CV-159 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLE B. REISS,

Plaintiff,

-against-

MELITINA HERNANDEZ, JENNIFER
JOHNSON and NEW YORK CITY
DEPARTMENT OF EDUCATION,

Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-315*
*New York, New York  10007-2601*

*Of  Counsel: Leora Grushka*
*Tel.:  212-356-2471*
*Matter No.:  2017-012014*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................................., 2018*

*.................................................................................. Esq.*

*Attorney for ......................................................................*